# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff: Pinola, Mississippi
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Suffolk County, Massachusetts
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert J. Kull
Wood Kull Herschfus Obee & Kull PC
37000 Grand River Ave Ste 290
Farmington Hills, MI 48335     248-476-2000/rjk@woodkull.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [x] 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 17 USC 101 et seq.

Brief description of cause: Copyright infringement by Defendants

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND** $150,000 (each action)

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE: May 1, 2024    SIGNATURE OF ATTORNEY OF RECORD: /s/ Robert J. Kull

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.  Is this a case that has been previously dismissed?    ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2.  Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)    ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

   Notes :

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN (DETROIT) DIVISION

HALEY BUSH, an individual, )
)
)
Plaintiff, )
) CIVIL ACTION NO.
-V- ) HON.
)
)
WHALECO, INC., MAILBOX CRAFTS, HMMSTU, )
SMILEFEEL, UPHOME, MAILBOX )
DECORATION, QIAOYM, GSOOT, SKY FISH )
ART, FJ CANVAS, ICOLOR ART, QDSKAL, )
GARDEN FLAGS, HJM TIDAL, YJ ART, and
UADOOA,

Defendants.
_____/
WOOD, KULL, HERSCHFUS, OBEE & KULL, P.C.
ROBERT J. KULL (P55733)
*ATTORNEYS FOR PLAINTIFF*
37000 GRAND RIVER AVE STE 290
FARMINGTON HILLS, MI 48335
248-476-2000; FAX: 248-476-3660
RJK@WOODKULL.COM
_____/

## **COMPLAINT**

NOW COMES Plaintiff herein, Haley Bush, by and through her attorneys, Wood, Kull, Herschfus, Obee & Kull, P.C., and more specifically, Robert J. Kull, and for her Complaint against Defendants WHALECO, INC., MAILBOX CRAFTS, HMMSTU, SMILEFEEL, UPHOME, MAILBOX

-1-

DECORATION, QIAOYM, GSOOT, SKY FISH ART, FJ CANVAS, ICOLOR ART, QDSKAL, GARDEN FLAGS, HJM TIDAL, YJ ART, and UADOOA states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Haley Bush is an individual residing in the State of Mississippi and transacting business involving the sale of artwork in, among other places, the State of Michigan.

2. Defendant WHALECO, INC. is, and at all times relevant hereto was, a global online retailer conducting substantial, regular and systematic business in the State of Michigan and headquartered in Boston, Massachusetts.

3. Upon information and belief, Defendant MAILBOX CRAFTS is a foreign Chinese company selling products on Temu.com.

4. Upon information and belief, Defendant HMMSTU is a foreign Chinese company selling products on Temu.com.

5. Upon information and belief, Defendant SMILE FEEL is a foreign Chinese company selling products on Temu.com.

6. Upon information and belief, Defendant UPHOME is a foreign Chinese company selling products on Temu.com.

7. Upon information and belief, Defendant MAILBOX

DECORATION is a foreign Chinese company selling products on Temu.com.

8. Upon information and belief, Defendant QIAOYM is a foreign Chinese company selling products on Temu.com.

9. Upon information and belief, Defendant GSOOT is a foreign Chinese company selling products on Temu.com.

10. Upon information and belief, Defendant Sky Fish Art is a foreign Chinese company selling products on Temu.com.

11. Upon information and belief, Defendant FJ CANVAS is a foreign Chinese company selling products on Temu.com.

12. Upon information and belief, Defendant ICOLOR ART is a foreign Chinese company selling products on Temu.com.

13. Upon information and belief, Defendant QDSKAL is a foreign Chinese company selling products on Temu.com.

14. Upon information and belief, Defendant GARDEN FLAGS is a foreign Chinese company selling products on Temu.com.

15. Upon information and belief, Defendant HJM TIDAL is a foreign Chinese company selling products on Temu.com.

16. Upon information and belief, Defendant YJ ART is a foreign Chinese company selling products on Temu.com.

17. Upon information and belief, Defendant UADOOA is a foreign

Chinese company selling products on Temu.com.

18. This Court has subject matter jurisdiction over the copyright claims in this case pursuant to 28 USC 1331 and 1338(a).

19. This Court has jurisdiction over the other claims based on 28 USC 1338(b), 1332(a), and 1367.

20. The acts of infringement alleged herein have taken place in the State of Michigan, among other places.

21. Venue is proper in this district pursuant to 28 USC 1391(b)(3) and 1400.

## **GENERAL ALLEGATIONS**

22. Plaintiff is an artist who creates artwork using a variety of acrylic paints, texture mediums, and book pages on both canvas and wood, as well as digital art.

23. Plaintiff's art includes home décor (including wall art, figurines, placemats, table covers, floor mats, desk mats, night lights, glass vases, wood and glass art blocks, door hangers, porch signs, pillows, flags, tea towels and ornaments), gift, craft and digital device covers.

24. Plaintiff's art reflects countless original and expressive determinations sketched, drawn, colored and painted by Plaintiff; the shapes, dimensions and designs of Plaintiff's art reflects the experience,

-4-

expertise and creative and expressive choices made by Plaintiff at every step of the design process.

25. Plaintiff's art is sold online across the United States via Plaintiff's Etsy store (etsy.com/shop/HaleyBDesigns), on Plaintiff's website (haleybushart.com) and via Plaintiff's licensing agent's website (suzanlindartlicensing.com).

26. Plaintiff's art is also visible to the public on Plaintiff's Instagram account (haleybdesigns), Plaintiff's Facebook page (Haleybdesigns), and via Plaintiff's licensing agent's website (suzanlindartlicensing.com).

27. Plaintiff's art is further sold in retail shops and by over 2,770 independent retailers.

28. All art sold by Plaintiff is original and unique to Plaintiff.

29. Plaintiff is, and at all times relevant hereto was, the owner of all rights and title to Plaintiff's designs and drawings, including all trade secret and other confidential information, all copyrights, and all other intellectual property embodied or reflected therein.

30. Plaintiff's designs are original works of authorship under 17 USC 102(a) and Plaintiff, pursuant to 35 USC 106(1), (2), and (3), has the exclusive right to reproduce, prepare derivative works, and to distribute copies of such works for sale to the public.

31. Plaintiff's artwork at issue includes the Savior is Born Manger Scene and Gold, Red, Green Nativity.

32. On November 6, 2020, Plaintiff registered her copyright for "Gold Red Green Nativity", being US Copyright Registration No. VAu 1-416-426.

33. On August 13, 2019, Plaintiff registered her copyright for the "Savior is Born Manger Scene", being US Copyright Registration No. VAu 1-376-066.

34. At the end of 2023, Plaintiff noticed many of her designs were being sold on Defendant WHALECO, INC.'s platform.

35. Defendants MAILBOX CRAFTS, HMMSTU, SMILEFEEL, UPHOME, MAILBOX DECORATION, QIAOYM, GSOOT, SKY FISH ART, FJ CANVAS, ICOLOR ART, QDSKAL, GARDEN FLAGS, HJM TIDAL, YJ ART, and UADOOA have sold Plaintiff's designs under their own name and company on Defendant WHALECO, INC.'s platform, without permission or authority from Plaintiff, beginning at an unknown point in time and continuing to the present.

36. Defendants had access to Plaintiff's work through her Etsy page (etsy.com/shop/HaleyBDesigns) and her website (haleybushart.com) which are available on the internet all across the world.

37. The infringement by Defendants was knowing and willful.

38. Any and all revenue received from the sale of products containing Plaintiff's original art are proceeds of illegal sales.

39. Any continued sale of these products by Defendants is a collusion and conspiracy with any other infringer.

40. Defendants have engaged and are engaging in unauthorized use and distribution of Plaintiff's designs and artwork to third parties in the United States, China and worldwide.

41. Defendants' conduct described herein is direct and coordinated by Defendants' owners, members, agents and/or officers, including those based in China.

42. Defendants also have a direct financial interest in these activities.

43. Plaintiff has been forced to commence this action and asserts the claims herein in order to protect her significant investments, artwork and designs, to stop Defendants and others from wrongfully profiting from the use of Plaintiff's intellectual property, and to try to stem the substantial damage that Defendants' action have inflicted and are continuing to inflict upon Plaintiff.

**COUNT I**
**WILLFUL COPYRIGHT INFRINGEMENT AS TO DEFENDANTS MAILBOX CRAFTS, HMMSTU, SMILEFEEL, UPHOME, MAILBOX DECORAION, QIAOYM, GSOOT, SKY FISH ART, DECORATOIN, FJ CONVAS, QDSKAL, GARDEN FLAGS AND HJM TIDAL**

44. Plaintiff incorporates all other paragraphs of this Complaint into this Count by reference.

45. Plaintiff's artwork and designs are original material and constitute copyrightable subject matter under the Copyright Act, 17 USC 101 et seq.

46. Without consent, authorization, approval or license, Defendants MAILBOX CRAFTS, HMMSTU, SMILEFEEL, UPHOME, MAILBOX DECORATION, QIAOYM, GSOOT, SKY FISH ART, FJ CONVAS, QDSKAL, GARDEN FLAGS, HJM TIDAL, YJ ART and UADOOA knowingly, willfully, and unlawfully copied, adapted, and distributed Plaintiff's copyrighted drawings, artworks and designs, portion thereof or derivative works and continues to do so.

47. Defendants MAILBOX CRAFTS, HMMSTU, SMILEFEEL, UPHOME, MAILBOX DECORATION, QIAOYM, GSOOT, SKY FISH ART, FJ CONVAS, QDSKAL, GARDEN FLAGS, HJM TIDAL, YJ ART and UADOOA are infringing on Plaintiff's registered copyright.

48. On November 6, 2020, Plaintiff registered her copyright for "Gold Red Green Nativity", being US Copyright Registration No. VAu 1-416-426.

49. "Gold Red Green Nativity" consists of a nativity scene with two people and a baby framed by a manger with a star, and two pine/Christmas trees on either side. **EXHIBIT A**.

50. In late 2023, Plaintiff noticed that one of her designs and works, specifically "Gold Red Green Nativity" registered original artwork, was being sold on Temu.com by Defendant HMMSTU.

51. "Gold Red Green Nativity" is the original artwork designed, created and owned by Plaintiff.

52. Defendants MAILBOX CRAFTS, HMMSTU, SMILEFEEL, UPHOME, MAILBOX DECORATION, QIAOYM, GSOOT, SKY FISH ART, FJ CONVAS, QDSKAL, GARDEN FLAGS, HJM TIDAL, YJ ART and UADOOA copied the artwork without notice or permission from Plaintiff, removed the watermark and pasted the image on garden flags, towels, mailbox decals, pillowcases, and more; Items QW28617, AH 36692, FT31383, PL34265, DB31952, BQ34350, JA31055, UV30436, VR29303, UK31495, JJ36229, UY41098, LU27822, TK35362, EQ55998.

53. Defendants' products feature an exact copy of Plaintiff's copyrighted design.

54. Upon information and belief, Defendants' direct, contributory and vicarious infringements were knowing and willful.

55. Plaintiff's original design includes her signature on the bottom left side of the work; on the Defendants infringing products, they have removed Plaintiff's signature but retained the rest of Plaintiff's design.

56. Circumventing technological protection measures used by copyright owners to control access to their works, such as removing a watermark or artist's signature, is a clear indication that Defendants' infringement was willful, knowing and deliberate.

57. By this unauthorized and unlawful copying, use and distribution, Defendants have violated Plaintiff's exclusive rights under 17 USC (1), (2) and (3).

58. Defendant MAILBOX CRAFTS, HMMSTU, SMILEFEEL, UPHOME, MAILBOX DECORATION, QIAOYM, GSOOT, SKY FISH ART, FJ CONVAS, QDSKAL, GARDEN FLAGS, HJM TIDAL, YJ ART and UADOOA have realized unjust profits, gains, and advantages as a proximate result of its infringement.

59. As a direct and proximate result of Defendants' direct and willful copyright infringement, and contributory and vicarious infringement, Plaintiff has suffered monetary loss to her business, reputation and good will.

60. Plaintiff is entitled to recover from Defendants MAILBOX CRAFTS, HMMSTU, SMILEFEEL, UPHOME, MAILBOX DECORATION, QIAOYM, GSOOT, SKY FISH ART, FJ CONVAS, QDSKAL, GARDEN FLAGS, HJM TIDAL, YJ ART and UADOOA, in amounts to be determined at trial, the damages she has sustained and any gains, profits, and advantages

obtained by Defendants as a result of Defendants MAILBOX CRAFTS, HMMSTU, SMILEFEEL, UPHOME, MAILBOX DECORATION, QIAOYM, GSOOT, SKY FISH ART, FJ CONVAS, QDSKAL, GARDEN FLAGS, HJM TIDAL, YJ ART and UADOOA's acts of infringement and use and distribution of the copyrighted materials.

61. Plaintiff is entitled to her actual damages, actual profits of the Defendants, statutory damages of $30,000.00 and/or statutory damages for willful infringement of $150,000.00 pursuant to 17 USC 504(c), per infringed work.

## COUNT II
## WILLFUL COPYRIGHT INFRINGEMENT BY DEFENDANT ICOLOR ART

62. Plaintiff incorporates all other paragraphs of this Complaint into this Count by reference.

63. Plaintiff's artwork and designs are original material and constitute copyrightable subject matter under the Copyright Act, 17 USC 101 et seq.

64. Without consent, authorization, approval or license, Defendant ICOLOR ART knowingly, willfully, and unlawfully copied, adapted, and distributed Plaintiff's copyrighted drawings, artworks and designs, portion thereof or derivative works and continues to do so.

65. Defendant ICOLOR ART is infringing on Plaintiff's registered copyright.

66. On August 13, 2019, Plaintiff registered her copyright for the "Savior is Born Manger Scene", being US Copyright Registration No. VAu 1-376-066.

67. "Saviour is Born Manger Scene" consists of a nativity scene with two people and a baby framed by a manger with a star, and two pine/Christmas trees on either side. **EXHIBIT B.**

68. In late 2023, Plaintiff noticed that one of her designs and works, specifically "Savior is Born Manger Scene" registered original artwork, was being sold on Temu.com by Defendant ICOLOR ART, item BH35118.

69. "Saviour is Born Manger Scene" is the original artwork designed, created and owned by Plaintiff.

70. Defendant ICOLOR ART copied the artwork without notice or permission from Plaintiff, removed the watermark and pasted the image on posters.

71. Defendant ICOLOR ART's product features an exact copy of Plaintiff's copyrighted design.

72. Upon information and belief, Defendant ICOLOR ART's direct, contributory and vicarious infringements were knowing and willful.

73. Plaintiff's original design includes her signature on the bottom left side of the work; on Defendant ICOLOR ART's infringing products, they have

removed Plaintiff's signature but retained the rest of Plaintiff's design.

74. Circumventing technological protection measures used by copyright owners to control access to their works, such as removing a watermark or artist's signature, is a clear indication that Defendant ICOLOR ART's infringement was willful, knowing and deliberate.

75. By this unauthorized and unlawful copying, use and distribution, Defendant ICOLOR ART has violated Plaintiff's exclusive rights under 17 USC (1), (2) and (3).

76. Defendant ICOLOR ART has realized unjust profits, gains, and advantages as a proximate result of its infringement.

77. As a direct and proximate result of Defendant ICOLOR ART's direct and willful copyright infringement, and contributory and vicarious infringement, Plaintiff has suffered monetary loss to her business, reputation and good will.

78. Plaintiff is entitled to recover from Defendant ICOLOR ART, in amounts to be determined at trial, the damages she has sustained and any gains, profits, and advantages obtained by Defendant ICOLOR ART as a result of Defendant ICOLOR ART's acts of infringement and use and distribution of the copyrighted materials.

79. Plaintiff is entitled to her actual damages, actual profits of the

Defendants, statutory damages of $30,000.00 and/or statutory damages for willful infringement of $150,000.00 pursuant to 17 USC 504(c), per infringed work.

## COUNT VII
## UNFAIR COMPETITION AS TO ALL DEFENDANTS

80. Plaintiff incorporates all other paragraphs of this Complaint into this Count by reference.

81. Plaintiff has been sketching, drawing, and painting for years, building up her online business and presence.

82. Upon information and belief, Defendants have wrongfully appropriated Plaintiff's creations to sell on Temu.com. Defendants, upon information and belief, were engaged in a plan to benefit from Plaintiff's significant investment of time, money and years of experience to grow Defendants' businesses and to convert Plaintiff's intellectual property to Defendants' own use and benefit.

83. As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially deprived of the value of her artwork and has been deprived of the full profits that would have been earned had Defendants not infringed Plaintiff's copyrighted material. Defendants, by the actions described herein, have misappropriated and wrongfully converted Plaintiff's intellectual property rights and their conduct violates the standards of

commercial morality.

84. The aforementioned conduct constitutes unfair competition and caused irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

85. Plaintiff is entitled to an injunction restraining Defendants from further unfair competition, including the continued and further use of any of Plaintiff's work and the continued and further interference with Plaintiff's business relationships. Plaintiff is further entitled to compensatory damages resulting from Defendants' misconduct and for punitive damages based on Defendants' deliberate, willful, and malicious conduct.

## COUNT VIII
## UNJUST ENRICHMENT AS TO ALL DEFENDANTS

86. Plaintiff incorporates all other paragraphs of this Complaint into this Count by reference.

87. Plaintiff has been sketching, drawing, and painting for years, building up her online business and presence.

88. Upon information and belief, Defendants have wrongfully appropriated Plaintiff's creations to sell on Temu.com.

89. Defendants, upon information and belief, were engaged in a plan to benefit from Plaintiff's significant investment of time, money and years of experience to grow Defendants' businesses and to convert Plaintiff's

intellectual property to Defendants' own use and benefit.

90. As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially deprived of the value of her artwork and has been deprived of the full profits that would have been earned had Defendants not infringed Plaintiff's copyrighted material. Defendants, by the actions described herein, have misappropriated and wrongfully converted Plaintiff's intellectual property rights and their conduct violates the standards of commercial morality.

91. Any and all revenue received from the sale of products containing Plaintiff's art by Defendants are proceeds of illegal sales.

92. Defendants have and are engaging in unauthorized use and distribution of Plaintiff's creations to third parties in the United States, China and worldwide.

93. Defendants' retention of that benefit violates the fundamental principles of justice, equity, and good conscience.

WHEREFORE, Plaintiff, Haley Bush, respectfully requests that this Honorable Court enter a judgment in her favor and against Defendants WHALECO, INC., MAILBOX CRAFTS, HMMSTU, SMILEFEEL, UPHOME, MAILBOX DECORATION, QIAOYM, GSOOT, SKY FISH ART, DECORATOIN, FJ CANVAS, ICOLOR ART, QDSKAL, GARDEN FLAGS,

HJM TIDAL, YJ ART and UADOOA:

A. Enter a judgment holding Defendants liable for directly, contributorily, and vicariously infringing the copyrights at issue in this litigation;

B. Enter a judgment holding Defendants liable for unfair competition and unjust enrichment;

C. Enter an order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, their affiliated companies, their assigns and successors in interest, and those persons acting in concert or participation with them, from continued acts of infringement of the copyrights at issue in this litigation and unfair competition;

D. Enter an order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, their affiliated companies, their assigns and successors in interest, and those persons actin gin concert or participating with them, from continued reproduction and distribution of Plaintiff's artwork, continued use of Plaintiff's artwork to make or have made merchandise, and continued distribution, offer for sale, and any sale of any merchandise using Plaintiff's original and copyrighted artwork;

E. Enter an order that all copies of Plaintiff's art made, used, or distributed by Defendants be impounded and destroyed or otherwise disposed of reasonably;

F. Monetary damages resulting from Defendants' wrongful acts, including pre-judgment and post-judgment interest;

G. Award Plaintiff all of the gains, profits, and advantages received by Defendants as a result of its wrongful conduct;

H. Award Plaintiff exemplary and statutory damages of $30,000.00, and/or statutory damages for willful infringement of $150,000.00 for each action of infringement pursuant to 17 USC 504(c);

I. Award Plaintiff attorneys' fees and Plaintiff's costs incurred

      in this action; and

J.    Such other and further legal and equitable relief as may be available under law and which the Court may deem proper.

Respectfully submitted,

**WOOD, KULL, HERSCHFUS, OBEE & KULL, P.C.**

By:   */s/ Robert J. Kull*
       Robert J. Kull (P55733)
       *Attorneys for Plaintiff*
       37000 Grand River Ave Ste 290
       Farmington Hills, MI 48335-2881
       (248) 476-2000
Dated: May 1, 2024   rjk@woodkull.com